JUDGE KOELTL

11 CV 2464

RECEIVED
APR 11 2011
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| INDEPENDENT RECOVERY RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

*Introduction*

1. In this action, Plaintiff Carol Kaufman seeks redress for Defendant Independent Recovery Resources, Inc.'s illegal collection activities, committed in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

*Parties*

2. Kaufman is a citizen of the State of New York who resides within this district.

3. Kaufman is a "consumer," as that term is defined by FDCPA § 1692a(3).

4. The alleged debts that Independent Recovery Resources ("IRR") sought to collect from Kaufman are consumer debts, as that term is defined by FDCPA § 1692a(5).

5. The alleged debts that IRR sought to collect from Kaufman were originally incurred for personal, family or household purposes.

6. That is, the alleged debts that IRR sought to collect from Kaufman were allegedly owed for medical services.

7. IRR is a New York corporation with a principal place of business located at 24 Railroad Avenue, Patchogue, New York 11772.

8. IRR does business in this district by regularly and routinely sending correspondence into New York State.

9. IRR is regularly engaged for profit in the collection of debts allegedly owed by consumers.

10. IRR is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, and identifies itself as such on its collection correspondence.

### *Jurisdiction and Venue*

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

13. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

14. Venue is also proper in this district since IRR transacts business in this district.

COUNT I
*Violations of the FDCPA*

15. Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

16. On or about April 16, 2010, IRR attempted to collect two alleged debts from Kaufman.

17. For the first alleged debt, IRR sent Kaufman a collection letter dated April 16, 2010, seeking to collect an $82.22 balance allegedly owed for medical services.

18. For the second alleged debt, IRR sent Kaufman another collection letter dated April 16, 2010, seeking to collect a separate $82.22 balance allegedly owed to the same creditor.

19. These letters were IRR's initial communications with Kaufman under FDPCA § 1692g(a).

20. On or about May 7, 2010, after receiving IRR's collection letters, Kaufman sent a letter to IRR explaining that she disputed both debts and refused to pay them.

21. Kaufman sent her letter dated May 7, 2010 by certified mail, return receipt requested.

22. IRR received Lewis's May 7, 2010 letter on May 13, 2010, as shown by the certified mail receipt.

23. Section 1692c(c) of the FDCPA provides, in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except -
>
> 1. to advise the consumer that the debt collector's further efforts are being terminated;
>
> 2. to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> 3. where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

24. When IRR received Kaufman's letter dated May 7, 2010, it was required to cease all further communications, with the three exceptions noted above in FDCPA § 1692c(c).

25. But instead of complying with FDCPA § 1692c(c), IRR continued to try and collect the alleged debts, totaling $164.44, by sending Kaufman another collection letter on or about May 23, 2010, stating that it now considered the account legitimate and due because "no valid dispute has been received on this account."

26. IRR is liable to Ms. Kaufman for its violations of § 1692c.

27. Further, § 1692g of the FDCPA requires that a debt collector obtain verification of a disputed debt. Specifically, § 1692g(b) of the FDCPA commands that "[i]f the consumer notifies the debt collector in writing within the thirty-day

period...that the debt or any portion there, is disputed..., the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt... and a copy of such verification ... is mailed to consumer by the debt collector."

28. IRR's May 23, 2010 letter to Kaufman violated 15 U.S.C. § 1692g(b), because – after receiving a written dispute from Kaufman within the 30-day validation period – IRR continued collection efforts without first obtaining and mailing copies of verification of the alleged debts.

29. IRR is liable to Kaufman for its violations of § 1692g.

WHEREFORE, Plaintiff Carol Kaufman asks that this Court enter judgment in his favor and against Defendant Independent Recovery Resource, Inc. and award damages as follows:

a. The maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. § 1692k;

b. Attorneys' fees, litigation expenses and costs incurred in bringing this action;

c. A declaration that Defendant has violated the FDCPA; and

d. Any other relief that this Court deems appropriate and just under the circumstances.

*Jury Demand*

Plaintiff demands trial by jury.

Dated:New York, New York
April 11, 2010

Respectfully submitted,

Bromberg Law Office, P.C.

By: ______________________
Brian L. Bromberg
Plaintiff's Attorney

Attorney for Plaintiff:
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906